Good morning. Is the mic on? Okay. May it please the Court, my name is James Malone, and I speak for the defendants, Charles Weiss. I'd like to reserve two minutes of my allotted time for purposes of rebuttal. Yes, sir. That's fine. Go ahead, please. In this court, in this case, Your Honor, the District Court erred in construing Section 6330E1 of the Internal Revenue Code and in applying Section 7481 of the Code due to its failure to consider the surrounding statutory context of both provisions. Section 6330E1 told the collection statute of limitations from the time Mr. Weiss requested a due process hearing and through the period of time in which appeals therein were pending. We all agree that up through the point when the appellate mandate issued from the D.C. Circuit that the statute was told. What is appeals therein? I thought it might say appeals therefrom, but I don't understand what therein means in that phrase. It's not the phrase I would have used, Your Honor, but it's clarified a little bit in the regs. The regs tell us, first of all, let me give you a site, 26 CFR Section 301.6330-1, and this is sub F2. And it says, what must a taxpayer do to obtain judicial review of a notice of determination? The taxpayer must appeal the determination by appeals to the tax court. So that's one appeal. And then the regulation continues in 301.6330-1G2 Q&A G1 to tell us that the suspension period commences on the date of the written request and then continues until it's either withdrawn or a notice of determination resulting from the administrative CDP hearing becomes final upon either the expiration of the time for seeking judicial review, that would be that first layer of appeal to the tax court, or upon exhaustion of any rights to appeals following judicial review, which would have, in my view of the world, been the D.C. Circuit and stopped then. I'm sorry. How does all this speak to his question of therein? I'm just suggesting that the regulation tells us what appeals therein are. There's one layer to the tax court and a second layer to a court of appeals. I thought the judge's question was, what's the distinction between therein and therefrom? And I thought that's what you were going to answer. I would have put therefrom, too. So I agree with Judge Porter, but I have to work with the language. Let me ask you this question. So there's a host of statutes and regulations that give us guidance on how to think about appeal. You take the position, obviously, that a petition for writ of cert is not an appeal. Yet you filed a petition for a writ of cert. And in doing so, you are obviously asking the Supreme Court for relief. So if you're asking for relief and the relief you're seeking is obviously overturning a lower court, why, on a very practical level, shouldn't we think of that as an appeal? If you treat it as an appeal, what you're doing is you're creating an automatic stay on appeal in this section. Because under 2101C, if I lose in a court of appeals. But I'm not asking for the consequence. You're about to tell me the consequence, right? I'm asking you, isn't what you're doing seeking review? And isn't seeking review an appeal? It could be viewed in that way. I don't view it that way because I make a technical distinction. You hear appeals in this court. But it's also not clear that any time we use a word like appeals, we need to take it to its fullest extent possible. The word is ambiguous. Sometimes the word appeal means just coming to a court of appeals. And sometimes it refers to a family of events, appeals and cert petitions. And it clearly has both meanings. You can't tell me that appeal never means this broad family of things. People always say, and I appealed to the Supreme Court. We don't say that's wrong. You petitioned to the Supreme Court for their discretionary jurisdiction. We don't say that. So appeal has two meanings. And that's what the dictionaries tell us. That's what everyone tells us. Your job is to tell us why in this case, in this particular statute, 630, 6330E1, appeal means just coming to the court of appeals and not that broad family of events where it could be appeals and cert petitions. And there you struggle a bit because this statute is written in a broad way and it doesn't use cert petitions in contradistinction to other types of appeals. So what's your strongest argument that this term that I'm really pretty convinced is ambiguous, doesn't mean you lose, just means you have to tell us that your meaning wins. Why does your meaning control for purposes of 6330? Because when you look at surrounding provisions in the code, what you find is that Congress routinely distinguishes between appeals and petitions for social rights. It routinely does, yet it doesn't here, suggesting that the term appeal would apply to a broader family of events because it's ambiguous and it can have two meanings. When a word's ambiguous, this notion of the canon of consistent usage, you know, which is already not absolute, has less applicability already. I think that the use of the word certiorari in places like 7482, 7481, 9010D, 9040D, is an indication that when Congress uses the word appeals, it does not intend to. Well, that assumes a consistent usage canon. I think when a term is ambiguous, the other inference is it equally is strong, which is Congress knew how to use and distinguish appeals from certiorari when it had that meaning, and it did not do so here. I mean, the strongest word in this, the strongest word in 6330E1 for you struck me as pending. Yes. But it seems that you have conceded pending because you have said that we all agree that there was so many days left when the notice of appeal was filed in the D.C. Circuit. And if you were really going to be rigid about pending, you would say when the tax court matter was concluded, then the clock started again because there was no pending case there and no notice of appeal had been filed in the D.C. Circuit. And so if you were really rigid about pending, you would have said, no, that time period now counts towards the statute as well. But you've conceded that. I have because there's case law on point, Your Honor. There's the Coleman case out of the Ninth Circuit, and there's the Hendricks case out of the Western District of Pennsylvania. But that's not our case. I understand. I understand. So you conceded something that cuts against your statutory interpretation. The point being that the litigant has a right to appeal within so many days of the tax court, and during that period, the tolling should continue to see what happens. So at one level, but why? Because that reads pending out as well. There is no pending case for that interregnum period, right, because you've got no current action in the tax court. The tax court's done. Yes. And then you've got no pending appeal in the D.C. Circuit because no notice of appeal has been filed. And so it strikes me, I don't know if you're familiar with this because this might cross-pollinate areas of the law, but for Speedy Trial Act purposes, sometimes we say, hey, look, we'll toll because the criminal defendant is now subject to another trial, so we don't need to count these days towards his time period or her time period for this trial. But we're always flipping that switch on and off. And so it struck me that if you really want to make something a pending, you have to take that view that as soon as the tax court's done, the statute runs again. Oh, you filed in the D.C. Circuit. It's off now. Now the D.C. Circuit issues its mandate. It's on again or it's forever off, depending on what appeals mean. That's not the way I approached it because there were these lower court opinions that told me that it was told during the period that the person could seek review. So if I'd sat down and thought about it as carefully as you have, I might have taken that position. But that's the posture that I'm in. Yeah, but that's the problem, right, because it's all dependent on how you think about seeking review. So I'm interested in asking you about the distinction that you draw between mandatory appeal on the one hand and discretionary on the other. And you seem to try to have a sort of statutory basis or predicate throughout the argument, but you don't have one that I'm aware of for drawing that distinction, saying that there's one result we should have with discretionary review and there's another result we should have with mandatory appeal or mandatory review. And I wondered if you'd speak to that. Sure. Our best case on that, I think, is this Court's opinion in John, which is a Virgin Islands case. But that's a really sui generis to that situation, isn't it? Because that's, you know, Supreme Court of the Virgin Islands, you know, it's kind of a case unto itself, right? I mean, sure, you've got a petition to the Supreme Court of the Virgin Islands, but, you know, there are a lot of distinctions between that case on the one hand and what we're talking about here. But what's telling in that case is the statute that was at issue. What the statute said was that the relations between the courts established by the Constitution or laws of the United States, Third Circuit, and the courts established by local law, territorial courts, with respect to appeals, certiorari, removal of causes, and so forth, shall be governed by the laws of the United States pertaining to the relations between courts of the United States, including the Supreme Court, and the courts of the several states, the thoughts, matters, and proceedings. So in that case, I submit that when this Court said that an appeal and a petition for certiorari are distinct or, excuse me, discrete methods of obtaining review, that that means what it says, that an appeal is not a petition for certiorari. And we've also pointed out the whole structural element of how the Supreme Court's jurisdiction was revised. Chief Justice Sykes was involved in restructuring it because they had too many mandatory cases. They used to have to hear a case that a court of appeals decided that threw out a state statute, preemption or constitutionality. They used to have to hear a case that the state Supreme Court decided threw out a federal statute. Now, some of those were really important, but not all of them. And so they restructured and eliminated most of this appeals jurisdiction. We're left now with three judge district courts, which are typically involved in election matters. So may I assume by your answer that your reliance on John means that there is no statutory basis for the distinction that you're drawing? No, I think the changes to the judicial code over the Supreme Court's jurisdiction also provide a statutory basis to distinguish between appeals and certiorari petitions. So is it your position that the word appeal can't apply to the entire family of recourse to another court? I mean, my understanding when I look at common ordinary definition is it can mean exactly what you say it means, right? Just an appeal as of right. It can mean that. Yes. But is it your position that this meaning that appears to be a common ordinary meaning of any further review by any court ever is not a valid meaning? Or is your position that that meaning is valid, it's just not the one that controls here? I think it's a valid meaning. I don't think it's a meaning that we would normally use in a formal sense. If I was having a cup of coffee with another lawyer, I might very well use the location of an appeal to the Supreme Court. But what I mean is a petition for certiorari. It's just like there's a bundle of things that this court does. I mean, you hear appeals. That's most of what you do. But you do receive cases on petitions for certiorari. Well, you do from the Virgin Islands. You get mandamus petitions. Those are all part of a broader appellate process. I mean, if you go to Article III, Section 2 of the Constitution, you'll see that the Supreme Court has appellate jurisdiction. It embraces the little stub of appeals that it has left, but it also embraces the vast swath of its docket, which is on certiorari. I mean, it's strange to say that something within the Supreme Court's appellate jurisdiction is not an appeal. That's a fair criticism, I think. Let me ask you this question. Throughout your argument, you rely on the Treasury regulations in order to draw the distinctions that you're drawing, right? So when you look at Section G1 of the Treasury regulations, that section provides appeals remain pending until the time for seeking judicial review has expired. Now, if we embrace G1, doesn't that mean you lose? Because the language pending until seeking judicial review has expired would certainly embrace a petition for certiorari because you clearly, by having filed that, right, are seeking judicial review. So why doesn't G1 carry the day, unfortunately, in a direction that's not favorable to you? Because that's not precisely what it says, Your Honor. We know from F2. Don't tell me I read G1 wrong. Well, I'm going to get back to it. I'm sorry. Because on either the expiration of the time for seeking judicial review, that's the first step, that's going to the tax court, or upon exhaustion of any rights to appeals following judicial review. My response to you, sir, is that certiorari is discretionary. No one has a right to be heard in the Supreme Court. But the words are seeking judicial review. The petition, right, I read those words and you read those words. You said seeking judicial review. Are you drawing a distinction between, or are you arguing that seeking a petition or filing a petition for certiorari is not seeking judicial review? I'm arguing that it's not a right to appeals, which is the operative subject. Seeking judicial review, we talked about that. That's F1, or excuse me, F2, Q&A F1, which is the step where I go from IRS appeals to the tax court. That's seeking judicial review. What comes after that is any rights to appeals following judicial review. And I would submit that given the discretionary nature of review by certiorari, that's not a right to appeal. That's a right to ask a court to consider listening to your case, very similar to when you get a petition for 1292B, interlocutory appeal. Note that we put an adjective on appeal in that context because it's discretionary at your level. That's the distinction that I'm drawing. Thank you for your time. Good morning, and may it please the Court. My name is John Schuman, and I represent the United States of America. Now, the government's collection action in this case was timely for two separate and independent reasons. First, as we've already discussed, taxpayers' petition for certiorari in the underlying CDP action was an appeal, tolling the 10-year limitations period under Internal Revenue Code sections. So this is exactly the first point that you raised in your brief, and I'm sorry to interrupt you so soon, but one of the reasons that I'm doing so is because the reason that you think it's timely is because you're building on a concession from your friend who represents Mr. Weiss that basically says that it was told during the period that the tax court decided before a notice of appeal was filed in the D.C. Circuit. If that was not the case, if that period is excluded, and if other periods are excluded, even if you win on the cert petition point, you're going to lose because the time ran, at least on your first independent reason. You've got this fail-safe of what a final determination means. But is that right? This concession is doing a lot of work for you because you need two things to win your first argument. You need the benefit of that concession, and you need the determination that a petition for certiorari constitutes an appeal for purposes of 6330. And at one level, it's great maybe for you and for the IRS and the Justice Department if you win that second issue, but it's not great if that concession doesn't hold. Well, Your Honor, it is a concession. You're right, and we did take advantage of that. But it was a justifiable concession because of the other courts that have so held. But we haven't made that decision, and if we say that this is an on-off switch much akin to the Speedy Trial Act, then your first independent reason kind of goes out the window because you didn't clear by much. And those dates, those 90 or so days for that gap coupled with the other gap dates where there was a mandate issued by the D.C. Circuit before the petition was filed, those would do you in. Well, Your Honor, it would be a very odd definition of pending to say that there's no appeal pending during the time in between the tax court decision and the court of appeals decision. No, that's not a weird definition of pending. It might be a weird definition of final, right? But final and pending are different things. That's not a weird definition of pending at all. You say, what is pending in front of the tax court? Nothing. It issued its determination. Absolutely nothing is pending. Now, that doesn't mean that it's for all purposes a final determination, but the case isn't pending there anymore. Is there an appeal pending after the D.C. Circuit issues its mandate but before they file their cert petition? Is there an appeal pending? Yes, it's still pending. Why? How? The mandate ends it. There's still the right to appeal to the Supreme Court. Is an appeal a right to an appeal, or is it a judicial proceeding seeking review? It's both, Your Honor. They have the right to file a cert petition, and that gives them judicial review. I think you went very fast on his answer. What if they never file it? Is it still pending? If they never file it and the time expires to file a cert petition. Then how is it ever pending? Well, then it's no longer pending after the expiration. But how was it ever pending? I think you're confusing pending with finality. It's one thing to say it wasn't final until this petition expired, but I don't think it's the same thing to say it was pending after the mandate issued until a cert petition was or was not filed. Well, it would be very odd for Congress to have intended to have this stop and start and stop and start. It's not odd at all. They do it in the Speedy Trial Act. Well, it's not odd at all. Could you give us an answer? I'm going to interrupt because I'm really interested in what both of them have to say, and I think you've gone over it, passed over it, okay? I just want to draw your attention to what both have been speaking about. The mandate issues, no petition for cert has been filed yet, right? That's a gap. We understand that's a period of time, right? So here we know that the mandate issued on August 23rd, and the petition was October 24th. So the question before you for us to hear excitedly is, what do we call that period between August 23rd and October 24th? There's nothing on file. Nobody's done anything. So please answer that question. During that period. Is it pending? Is something pending? Yes. What's pending? What is pending is the taxpayer's ability and right to file a cert petition.  Is there any definition of appeal that says an appeal is a party's right to seek review? Well, that's part of the appellate process. In order to have the appeal, you have to have a period of time in which to seek the appeal. So that's part of the appeal. And I think from a practical matter, I think we also have to look at what the IRS would have to do if they were to try to preserve their rights during this stop-start procedure. They would have to go forward with their levy after the tax court made its decision, but before there was a notice of appeal filed. And then they would have to stop again if there was a notice of appeal filed. No, no. This gets your second independent argument. They don't have to do any of that if you win on your second independent argument because you have a 90-day fail-safe at the very end. So, I mean, at one level, if you're going to tell us that that's what they'd have to do for the first independent argument that you raised, you're really undercutting your second independent argument, which almost contemplates that Congress didn't want to put the IRS in that position but wanted to say, hey, look, if there's a stop-start, that's fine. You don't have to get involved in that if you don't want. All you have to do is get 90 days at the back end. Yeah, that's correct, Your Honor. We win either way. In order for them to prevail, in order for the taxpayer to prevail, they have to show not only that cert petition is not an appeal, they also have to show that there was no final determination by the Supreme Court when it denied cert. And they can't win under either one. So that's true. If we can go back to the period between the mandate and the cert petition, I think in your red brief you endorsed the Black's Law Dictionary definition that an appeal is a proceeding undertaken to have a decision reconsidered by a higher authority. Is that right? Yes, Your Honor. That's correct. So if there's no proceeding undertaken because no one's filed a cert petition after the mandate, we're just in that limbo area, I don't understand how there's an appeal. There might be a right to seek an appeal. Not a right to an appeal, but a right to seek an appeal, which you'll have a 75 out of 10,000 chance of getting it. But how is it an appeal? Well, it's an appeal because you have the right to appeal. It's part of the appellate process. It's part of the appellate system whereby you have a time period in which to seek that appeal. That has to be part of the appeal. When you think about that language in the statute, appeals therein, or maybe it should have been appeals therefrom, that's talking about a concrete proceeding, not a right to seek an appeal. I mean, that seems pretty broad. Well, the language in 6330E1 is very broad. I mean, it just says appeals. It doesn't restrict that in any way to the time period during which an appeal is being affirmatively prosecuted, where briefs are being filed, et cetera. Yes, it does. It says pending. Are you reading the word pending out? I mean, what other meaning does the word pending have if it isn't an affirmative statement that restricts the appeals to when an action is in a court of appeals, not after a mandate's been issued? I mean, I'm pretty sure we don't view us, this court, after we issue a mandate as having a pending matter just because there's a time period for a cert petition. Well, I would go back to the notion that this is a general term, given in generality, and that there's really no easy way for Congress to have said it any more broadly. How do we know it's a general or sort of a colloquial term? I would think that in the tax code it would be a legal term, not a colloquial one. Well, it has an ordinary definition, an ordinary meaning, a plain meaning, and that's what we're saying should be controlling here. Let's assume for a moment that none of us agree that the period of time between the mandate and the filing of the petition is pending because I have trouble with it because I'm thinking of a district court case, you know, judgments filed, you have X period of time to file an appeal. During that period of time, you're chatting with your lawyer, should I do it or should I not do it? So the lawyer is not under any delusion that there is an appeal pending. The defendant in a criminal case or the plaintiff or defendant, depending in a civil case, who's consulting with their lawyer, they don't think an appeal is pending. They're discussing it. This is going to be really expensive. I don't know if I can afford it. So it's really difficult for me to hear these questions posed to you, and your response being during that period of time something is pending. It would appear that nothing's pending, but you've stated your position. Let's assume for a moment nothing is pending, that there is no appeal between the mandate and the petition, right? That's the 62 days that has been mentioned, counting it against the 129 or 130 and so forth. Okay. Let's assume, as I say, there's nothing pending. Now what? Well, if there's nothing pending, then you would have to interpret the statute as if Congress had said that the tolling stops immediately after the tax court decision, and then it starts again when the tax court decision is appealed with the notice of appeal filed in the tax court. And then it would stop again when the tolling would stop again when the court of appeals issues its mandate, and then it would begin tolling again when there is a cert petition, and there would be all these limbo periods, which under your scenario. Why are you, I don't know, against is probably strong, but you seem to be reluctant to concede that there are periods of time that would count and periods of time that won't count. Well, it's one continuous process of judicial review, and it certainly makes more sense to read it that way. And it makes, from a practical standpoint for the IRS, it's much more. It's great for the IRS because you get tolling when there's no action pending. It's a windfall for the IRS to get tolling when there's no action pending. It's wonderful. I totally get that you have strong, strong, strong institutional interests of your client that want you to take that position. But the contrary position that Judge Greenaway has espoused isn't absurd. It's just contrary to what your strong, strong, strong policy preference and practical preferences are. Well, it is good for the IRS, Your Honor. It's easier to administer that way. It's also good for the taxpayer because the taxpayer doesn't have to worry about a levy being imposed during that period of time. He doesn't have to worry about his taxes being garnished, his wages being garnished for payment of taxes. He doesn't have to worry about all the administrative processes that the IRS protects. No, no, the statute of limitations, correct me if I'm wrong, but the levy provision doesn't say you can't commence a levy while an appeal is pending, does it? Oh, it does, Your Honor, yes. In fact, the tolling provision, the same provision says that you're tolling the limitations period and at the same time for the same periods you're tolling the ability of the IRS to levy against that taxpayer's property. So what you're saying is you like this kind of broad provision that loops, that's not on-off because of the clarity that it provides to both the IRS and then also because the IRS is going to treat this as pending. You say to the taxpayer, we aren't going to come and levy your material restraint and seizure. We aren't going to do that to you. That's exactly right, Your Honor. Yes, that's correct. Let me ask this way. If you went at the D.C. Circuit and a month goes by and no one's done anything and your colleague says, hey, have they appealed? Has Weiss appealed? You wouldn't say, yes, he has because he still has the right to. You would say, no, there's no cert petition. It looks like he's not going to. Well, we would be ready for an appeal. Yeah, but if someone says to you, if a colleague says, we have to figure out what we're doing with Weiss. Has he appealed? You would say, no, right? We would say he has not filed a notice of appeal, but we would also say that the tolling is still in effect as to the limitations and as to the levy. So, therefore, we can't do anything. We have to wait and see whether he's going to file that notice of appeal. You know, just to tease this out on what's good for the taxpayer, because I clearly get why your interpretation is good for the IRS, but it strikes me that even this on-off interpretation would be good for the taxpayer because practically the IRS knows that it's probably not in our best interest to go start a levy proceeding in a 90-day period where the taxpayer could still appeal when we have a lot of time on the back end, as you do at a minimum 90 days under the reading that you espoused in item 2, and maybe even more depending on when the statute started. It strikes me that maybe the IRS wouldn't try to get it all done in that 90-day period. How long do these proceedings typically take such that 90 days enough to start that? 90 days could be enough to start that, but we're relying on both provisions. But if you did start a levy, it seems that in that 90 days, right, a notice of appeal is probably the easiest legal document in, like, the history of legal documents to file. Like, they used to have a form attached to the federal appellate rules that said, this is a really good go-by, and it was. It's maybe the easiest doc ever, and so if you started a levy at day 17, it seems that the taxpayer could call up his attorney and say, can you file a notice of appeal in the next 20 or so minutes? And the attorney, if they were available and not in a deposition or something, probably could. Yes, under the stop-start scenario, that's one possible scenario, and that the taxpayer would then have to convince his employer or whoever was in possession of the property that's being levied that, whoa, no, this levy isn't in effect anymore, and then he has to go through all that to convince all these third parties of what's happening when it really doesn't make any sense. Or they could just file a notice of appeal day of, which a lot of people do. You know, I mean, a lot of people just say, oh, we got a discourse judgment. You know, by closing business, we're going to file a notice of appeal. Right. So the taxpayer has a lot of recourse even under the stop-start provision. And another reason why it's good for the taxpayer is because he doesn't have to worry about a parallel proceeding whereby the government has to file a lawsuit to collect the money while the time for the cert petition is pending. But if Congress wanted to vindicate these interests and make them real, maybe it would have used a word other than pending. I get that there's reasons for these. These sound like policy choice sorts of reasons. And Congress could have used a different word other than pending. But the word it chose was pending. You could even take out the word pending and you could still have it. I know you want to take out the word pending. I know you want to take out the word pending. We all know you want to take out the word pending. No, but even with the word pending out, you could still look at these, look at this and say, well, appeals, is it really an appeal? Is it just a theoretical appeal? If he hasn't filed the notice of appeal, is that an appeal? I mean, the word pending isn't really dispositive here. Let me ask you a question that's a follow-up on that. So the Internal Revenue Code talks about differentiating appeal and petition for writ of certiorari and so forth. If you look at 1781, A1 and 2, right, there are circumstances where they refer to a timely notice of appeal is not filed. The appeal is dismissed. They talk about the petition for certiorari is denied and so forth. There seems to be a distinction drawn in that part of that statute. How do you reconcile the fact that they're drawing a distinction there with the argument that you're making about the appropriate interpretation here? Well, in 1781, Congress was trying to go through and identify every possible outcome of the judicial review process and then determine what is a final decision. When does the decision of the tax court become final? And so one of the possibilities is you have a cert petition that's denied. Another possibility is you don't file a cert petition or another one is cert granted. And they go through all those. And here, this provision becomes significant because we're looking at the second argument under which we prevail, where the fail-safe provision, because then you have to determine what is a final determination of the CDP hearing. And we say that because 6330 does not define the term final determination, you have to look somewhere else. And the one and only place where there's a general provision on the finality of tax court decisions is 7481. So you look under those different scenarios, and the scenario we have here says that. So I get that. Everything you say really feels close. But there's one tiny, tiny little issue, which is that 6330 talks about determinations and the other code talks about decisions. And I may have those sides. I may have those flipped. I may have those transposed. And so what you really need to do is convince us, I suppose, that when 6330 says determination, we should read that to, we should read the other provision that defines final decision to now say that that's a final determination. And there's some thought that your friend on the other side suggests that maybe determination is just limited to the actual determination made by the tax court, not everything subsequent to that. What do you think about this argument that there's a difference between determination and decisions? Well, yeah, there are different words, but when you say final determination in 6330, that I think probably comes from the fact that there's a notice of determination made by the IRS Office of Appeals when the CDP proceeding is determined administratively. So that's a determination. So then when the tax court gets the case under tax court procedure, their final say in the matter is a decision. And so the word determination can really refer to both, particularly where here, as in 6330, there is no other definition of determination. So you have to look somewhere else. And the only somewhere else is 7481. Which doesn't speak of determinations, it speaks of decisions. It speaks of decisions, yes, Your Honor. So you basically want us to say that when we read these two statutes, the terms decision and determination are truly synonyms. In this situation, yes, Your Honor, because final determination has no other definition within 6330. So can I just posit one alternative kind of understanding and I'll let you, you know, do your worst to it. But determination means what a tax court does. And decision means the full range of everything that any other subsequent court would do. So a tax court determination might be a final decision if there's no appeal or cert petition from that. And so maybe when we say determination, that is limited only to tax court matters and decision is related to any court that's ever going to touch it? Well, Your Honor, I wouldn't say that because determination seems to be a general term. Anything can be determined. And the administrative process ends with a determination. And the only way that a tax court can end a case, can conclude a case, is with a decision. That's how they do it. It's like the equivalent of a judgment in district court. And so if a tax court has a decision, that is its final determination. So basically saying there's synonyms for perhaps these two statutes. It is, yes. Thanks very much. Thank you. And I would only further note that taxpayer has owed these undisputed tax liabilities for over 30 years and is now attempting to avoid paying them all together by claiming that his own cert petition did not toll the statute of limitations. He should fail in this attempt. And I respectfully ask this court to affirm the judgment of the district court. Thank you. Very good. Thank you. I'd like to start by going back to determinations because I think it has a very specific meaning in this context. It comes to us in 6330E1. And it comes to us in the form of what we're calling the failsafe provision. The provision that says the statutory period shall not expire before the 90th day after the day on which there is a final determination in such hearing. So the only way you prevail on that is I'm sorry. The interpretation you have of that is that final determination can only mean the issuance of the mandate by the D.C. Circuit. Final determination, I think, embraces such hearing refers to the CDP hearing at IRS appeals. And then final determination, in my view, is when the mandate came out. Okay? And it can only mean that. I think that's the fairest reading of the circumstances given the difference between an appeal and a petition for certiorari. All right. Let me just tease this out. I've got 6330 with me. I do, too. Very good. Take a look at D.1. Right? So this is what we call a petition for review by the tax court. Right. And this says a person within 30 days of a determination under this section. But it doesn't say final determination. Because the determination doesn't become final until either the period for review at the tax court expires or if the tax court reviews subsequent judicial determinations. We know that from 7481. 7481, I think, really doesn't belong here. Okay. How do we know what you just said? Oh. That it becomes final. I think that's in the regs we were discussing earlier under 6330. The treasury regs? Yeah. And what's it in? Is it in G1 or G3? I think it's G2. We've got time. Let me find it for you. Thank you. Okay. It's discussed in terms of the suspension period. Suspension period continues until the IRS receives a written withdrawal by the taxpayer. Well, that didn't happen. Or the notice of determination resulting from the CDP hearing becomes final upon either the expiration of the time for seeking judicial review. That would be the step to the tax court. Or upon exhaustion of any rights to appeals following judicial review, which would be whatever happens after the tax court. Now, the gloss that I put on rights to appeals, to me, because I don't have a right to be heard in the Supreme Court. I only have a right to ask, is that the final determination comes down when the mandate comes out. Well, here's what I don't understand. Okay. You say you have the right to ask. Let's say the petition is granted. Now you're asking, are you saying that the time has expired before the court has determined that you not only have a right to ask, but now we're going to hear you? I mean. I would probably have an obligation to tell the Supreme Court that in my view the time has expired while the petition is granted. Wow. So then what's the purpose of filing? That can't be right. It's like you win if they grant cert, right? Like the cert petition is the bargain. Well, you can't say that, right? Because you'd say, I'm out of time. I filed. You've granted. Sorry, I'm out of time. No. Isn't it moot? I'm so sorry. I will not believe that that would happen. Isn't it moot? If they can no longer collect, then the statute's expired while the case is in the Supreme Court. Listen, you're like, I mean, I know it's a hypothetical, but that would be like right on the border of Rule 11, right? Because if you knew that, you shouldn't have filed it. No, my hypothesis is you file and then the statute expires. You filed in good faith thinking that you were seeking a right, that you had a right to seek, right? Absolutely. Right? All good. So now they grant cert, right? You're going to be heard. And now you're going to say, I'm out of time? I was just saying it's conceivable to me that when you sit down and count the days, you could have a live issue at the time the cert petition's filed, and it could become a moot issue because of the expiration of the statute. That can't possibly be right, right? I mean, it's got to be. The filing of the writ has got to be. So what if the filing of the writ, let's say under your rule, doesn't toll it, okay? Which I think is probably wrong. I'm getting that sense. It's a tough sell. It's a tough sell, right? But let's just say it doesn't toll it. And then let's say the cert petition is granted. Would that toll it? I would think that would restart. It has to, right? It has to. It has to restart the toll. But if a cert petition and the granting of cert isn't an appeal, then it couldn't restart it. Your argument proves too much because if that's not an appeal, it couldn't restart the tolling because it's not an appeal. It's a petition. It's a discretionary petition. If they grant cert, is that now an appeal? Once it's granted, I think the court is exercising its appellate jurisdiction. Okay, so what are you basing that on? Article III, Section 2. Say it again. Article III, Section 2 defines the court's appellate jurisdiction, and we know that that has two flavors. It has a flavor in certiorari, and it still has a very small group of mandatory appeals. It's a tough sell that it's only upon the grant. That's a tough sell. Can you give us the site for that regulation? Sure. I've referred to it. Go slow because it's got a lot of parts. This is the suspension period. I'm going to give you two because I want you to have the leg of what is judicial review. The first one is 26 CFR Section 301.6330-1, F2, Q&A, F1. Are those Fs in paren? Yes. It goes dash 1, paren F, close paren, paren 2, close paren, Q&A, F1, capital F. And the second one that we've been talking about, about determinations, is 26 CFR Section 301.6330-1, paren G, close paren, paren 2, close paren, Q&A, cap G1. And that's the determination language. I see my time is up. Thank you for your time this morning. Thank you. A privilege to be here. Thank you. Thank you.